IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK A. HILL                                                    PLAINTIFF

v.                            No. 4:13-cv-89-DPM

ARKANSAS DEPARTMENT
OF COMMUNITY CORRECTIONS and
JERRY BRADSHAW, in his individual and
official capacities                                            DEFENDANTS

### ORDER

Hill, an African-American man, alleges that the Arkansas Department
of Community Corrections and its employee Jerry Bradshaw unlawfully
discriminated against him on the basis of race.  The ADCC Defendants move
to dismiss Hill's complaint.  *№ 3.*  They say that Hill's pleading does not
allege sufficient facts and that some claims fail as a matter of law. *Ibid.*

**1.** There is some common ground: Hill and the ADCC Defendants agree
that sovereign immunity bars claims for money damages against ADCC (an
arm of the State), including claims against Bradshaw in his official capacity,
and that Bradshaw is not an employer liable under Title VII.   Likewise, no
stand-alone § 1981 claim may be brought against Bradshaw, a state actor; the

claim exists only through § 1983.  All these claims, to the extent they lurk in the complaint, are dismissed.

**2.**  Hill's § 1983 claim against Bradshaw and his Title VII claim against ADCC are pleaded thinly but plausibly.  "Dismissal is proper when the plaintiff's complaint fails to state a claim upon which relief can be granted." *Northstar Industries, Inc. v. Merrill Lynch & Co.*, 576 F.3d 827, 831-32 (8th Cir.2009).  Dismissal is not proper when "the factual allegations in a complaint, assumed true . . . suffice to state a claim to relief that is plausible on its face." *Ibid.*  As Hill acknowledges in his brief, many of his allegations are short on details and depend on inferences.  But he has addressed each element of a discrimination claim.  He need not prove the adequacy of comparators at this point.  And he has not pleaded himself out of court with some allegation fatal to his claim, such as a failure to exhaust or a limitations bar.

**3.**  Taking Hill's allegations as true, the Court cannot say at this point that Bradshaw is entitled to qualified immunity for the § 1983 individual-capacity claim.  Discriminating against an employee because of race offends the Fourteenth Amendment's equal-protection guarantee.  This was established long before Bradshaw allegedly discriminated against Hill.

When the factual record is more complete and more clear, Bradshaw may renew his argument for qualified immunity. *Twiggs v. Selig*, 679 F.3d 990, 993 (8th Cir. 2012).

\*          \*          \*

Hill's § 1983 claim against Bradshaw and his Title VII claim against the Arkansas Department of Community Corrections may proceed. Motion to dismiss, № 3, granted in part and denied in part.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

24 May 2013